UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY

| | |
|---|---|
| **MERCK & Cie and**<br>**MERCK KGaA**<br><br>      Plaintiffs,<br><br>   v.<br><br>**SANTEGRA INC., and**<br>**GARDEN STATE NUTRITIONALS, INC.**<br><br>      Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>(JURY DEMANDED) |

Plaintiffs Merck & Cie and Merck KGaA (collectively, "Merck" or "Plaintiffs"), by and through their attorneys, Alston & Bird LLP, file this Complaint against Defendants Santegra Inc. ("Santegra") and Garden State Nutritionals, Inc. ("Garden State") (collectively, "Defendants"), and in support thereof allege as follows:

## NATURE AND BASIS OF ACTION

1.   This action arises out of Defendants' infringing, false and misleading use of Merck's METAFOLIN® trademark on their product packaging and product literature. Such actions constitute trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); false advertising in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); violation of the New Jersey Trademark Counterfeiting Act, N.J. Stat. Ann. §§ 56:3-13.16 *et seq.*; consumer fraud in violation of N.J. Stat. Ann. §§ 56:8-1 *et seq.*; unfair competition in violation of N.J. Stat. Ann. §§ 56:4-1 *et seq.*; and unfair competition in

violation of New Jersey common law.  Merck seeks preliminary and permanent injunctive relief, an accounting for all profits derived by Defendants from their unlawful acts, actual damages, treble damages or other enhanced monetary remedies, and recovery of Merck's costs and reasonable attorneys' fees incurred in connection with this action.

## THE PARTIES

2. Merck & Cie is a Swiss corporation with a principal place of business at Weisshausmatte 6460, Altdorf, Switzerland.

3. Merck KGaA, Darmstadt, is a German association by limited shares, with a principal place of business at Frankfurter Str. 250, D-64293 Darmstadt, Germany.

4. Upon information and belief, Santegra is a New Jersey Corporation with its principal place of business at 8 Henderson Drive, West Caldwell, New Jersey 07006.

5. Upon information and belief, Garden State is a New Jersey Corporation with its principal place of business at 8 Henderson Drive, West Caldwell, New Jersey 07006.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338 because this case arises under the Lanham Act (15 U.S.C. §§ 1051, *et seq.*).

7. This Court has jurisdiction over Merck's state law claims pursuant to 28 U.S.C. § 1367 and the doctrine of supplemental jurisdiction.

8. This Court has personal jurisdiction over the Defendants because Defendants are domiciled within the state of New Jersey, transact business and solicit business within the State of New Jersey, supply goods or services in the State of New Jersey, and have engaged in tortious acts within the State of New Jersey.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and injury giving rise to Merck's claims have occurred and continue to occur in this district and because Defendants are domiciled in the state of New Jersey.

## FACTUAL BACKGROUND

### A. Merck and its Trademark METAFOLIN®

10. Merck provides active pharmaceutical and dietary ingredients to the pharmaceutical and nutritional industry. Merck is acclaimed worldwide for its novel drugs and therapeutic products. Merck's products are some of the most well-known and well-respected medical and dietetic products worldwide.

11. One of Merck & Cie's products is a folate ingredient (L-5-methyltetrahydrofolic acid calcium salt, also referred to as L-methylfolate) that is used in connection with dietary supplements, including pregnancy vitamins, medical foods, nutritional supplements, and food for special dietary use. This Merck & Cie folate product is sold under the trademark METAFOLIN® in the United States, including in the state of New Jersey.

12. Merck KGaA is the owner of U.S. Trademark Registration Nos. 3,605,194 and 2,526,532, for the mark METAFOLIN®, which cover, generally, pharmaceutical preparations and dietary and nutritional supplements. These registrations are in full force and effect, and Registration No. 2,526,532 has become incontestable under 15 U.S.C. § 1065. True and correct copies of these Trademark Registrations are attached hereto as Exhibit A.

13. Merck & Cie is a Swiss affiliate of Merck KGaA and has an exclusive license from Merck KGaA to use the trademark METAFOLIN® in the United States.

B.    **Defendants' Unlawful Conduct**

14.    Upon information and belief, Defendant Santegra is a distributor and supplier of nutritional dietary supplements. Santegra sells and distributes its products in the United States, including within the state of New Jersey, and overseas.

15.    Among the products that Santegra sells and distributes is a dietary supplement sold under the brand name MenoFix™. According to the representations made on the packaging for the MenoFix™ product, the product is manufactured by Garden State Nutritionals, Inc., and Santegra is the product's exclusive distributor. A copy of the MenoFix™ product packaging is attached as Exhibit B, hereto.

16.    According to statements made on the MenoFix™ product packaging and on the product insert, one of the ingredients included in the MenoFix™ product is "folate (as Metafolin™ L-methylfolate)." The MenoFix™ product packaging also attributes ownership of the METAFOLIN® trademark to "Merck & Co. Inc." This panel of the product packaging listing the ingredients of MenoFix™ and the product insert are attached hereto as Exhibit C. The statements described above, which appear on Defendants' product packaging and on the product insert, are false and misleading.

17.    The statement that "Folate (as Metafolin™ L-methylfolate)" is an ingredient of the MenoFix™ product is false. Upon information and belief, Merck's METAFOLIN® is not used in the MenoFix™ product. Upon information and belief, Santegra has never ordered or purchased METAFOLIN® from Merck & Cie nor have Defendants ever been authorized in any way to use the trademark METAFOLIN® on the Menofix™ product packaging or on the product insert.

18.    The statement on the MenoFix™ packaging that states that "Merck & Co. Inc." is the owner of the trademark METAFOLIN® is also false and misleading since the trademark is

4

owned by Merck KGaA, not Merck & Co. Inc. In fact Merck & Co. Inc. is an entirely separate company from the Plaintiffs in this action and has been since the Merck company was split into two separate and distinct unaffiliated branches after World War I.

19. On May 21, 2013, Natalie Clayton, Esq. of Alston & Bird, on behalf of Plaintiffs, sent a letter to Santegra demanding that it cease using the trademark METAFOLIN® in connection with the MenoFix™ product. A copy of this letter is attached as Exhibit D. This letter was sent by UPS overnight delivery, and receipt of the letter by Santegra was confirmed by UPS. A copy of the delivery confirmation is attached as Exhibit E.

20. On June 11, 2013, due to Defendants' continued use of the METAFOLIN® trademark, a follow up cease and desist letter was sent to Santegra, again demanding that Santegra cease all use of METAFOLIN® in connection with the sale and promotion of the MenoFix™ product. A copy of this letter is attached as Exhibit F. This letter was sent by UPS overnight delivery, and receipt of the letter by Santegra was confirmed by UPS. A copy of the delivery confirmation is attached as Exhibit G.

21. Defendants have failed to respond to Merck's letters and continue to unlawfully use the trademark METAFOLIN® on their product packaging.

## COUNT I

### INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS
### 15 U.S.C. § 1114 (§ 32 of the Lanham Act)

22. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 - 21 of this Complaint as though set forth fully herein.

23. Defendants' use in commerce of Merck's METAFOLIN® trademark in connection with Defendants' MenoFix™ product is likely to cause confusion, or to cause

5

mistake or deceive customers or potential customers as to the origin of Defendants' products and services or the sponsorship or approval by Plaintiffs of Defendants' products, or into believing that Defendants' products are related to or connected to, or associated with, or affiliated with Plaintiffs or their products or services or that Defendants have a license from Merck to use the METAFOLIN® trademark.  Defendants' unauthorized use of METAFOLIN® infringes Merck's exclusive rights in its federally registered trademarks, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

24. Defendants' unauthorized use of METAFOLIN® has enabled and will continue to enable Defendants to earn profits to which they are not in equity or good conscience entitled and has unjustly enriched Defendants at Merck's expense, all to Defendants' profit and Merck's damage.

25. The aforesaid acts were undertaken willfully and deliberately.

26. The aforesaid acts of Defendants have caused, and will continue to cause, damage to Plaintiffs in an amount to be determined at trial.

27. The aforesaid acts of Defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

**COUNT II**

**FALSE ADVERTISING**
**15 U.S.C. § 1125 (§43(a)(1)(B)  of the Lanham Act)**

28. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 - 27 of this Complaint as though set forth fully herein.

29. By listing Merck's METAFOLIN® as an ingredient in Defendants' MenoFix™ product, Defendants are making and continue to make material false or misleading descriptions

of fact or false or misleading material misrepresentations of fact about the MenoFix™ product and the ingredients included therein.  Such misleading descriptions of fact, or false or misleading material misrepresentations of fact, materially misrepresent the nature, characteristics and qualities of Defendants' MenoFix™ product.  Such material misrepresentations are the type upon which customers or potential customers have, and will, rely.  Defendants' actions therefore mislead and harm customers and consumers as well as damage Merck's sales, good name and reputation in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

30.  Defendants are not licensed to use the METAFOLIN® trademark and upon information and belief do not purchase or use the trademarked METAFOLIN® product in their MenoFix™ product.

31.  Defendants' aforesaid acts were undertaken willfully and deliberately and with the intention of causing confusion, mistake, or deception.

32.  The aforesaid acts of Defendants have caused, and will continue to cause, damage to Plaintiffs in an amount to be determined at trial.

33.  The aforesaid acts of Defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

## COUNT III

### FEDERAL UNFAIR COMPETITION
### 15 U.S.C. § 1125 (§43(a)(1)(A) of the Lanham Act)

34.  Plaintiffs repeat and reallege each and every allegation of paragraphs 1 - 33 of this Complaint as though set forth fully herein.

35.  Defendants' use in commerce of copies or colorable imitations of the federally registered METAFOLIN® trademark in connection with the sale, offering for sale, distribution,

and/or advertising of goods is likely to cause confusion, or to cause mistake or deceive customers or potential customers as to the origin of Defendants' products, or the sponsorship or approval by Plaintiffs of Defendants' products, or into believing that Defendants' products are related to or connected with, or associated with, or affiliated with Merck or its products or services or that Defendants are licensed by, or approved or endorsed by Merck.

36. Furthermore, Defendants' distribution of a product in commerce that contains false information regarding the ownership of Plaintiffs' federally registered METAFOLIN® trademark is likely to cause confusion, or to cause mistake or deceive customers or potential customers as to the ownership of Plaintiffs' METAFOLIN® trademark, or the origin of Defendants' products, or the sponsorship or approval by Plaintiffs of Defendants' products, or into believing that Defendants' products are related to, connected to, or associated with, or affiliated with Plaintiffs or its products, or that Defendants are somehow licensed by or approved or endorsed by Plaintiffs.

37. The aforesaid acts of Defendants have caused, and will continue to cause, damage to Plaintiffs in an amount to be determined at trial.

38. The aforesaid acts of Defendants have been willful and deliberate.

39. Such acts constitute unfair competition, false designation of origin, false or misleading description of fact, or false or misleading representation of fact in violation of section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

40. The aforesaid acts of Defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable damage, loss and injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

## COUNT IV

### VIOLATION OF NEW JERSEY TRADEMARK COUNTERFEITING ACT
### N.J. Stat. Ann. §§ 56:3-13.16 *et seq.*

41. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 - 40 of this Complaint as though set forth fully herein.

42. Defendants' reproduction, counterfeit, copy, or colorable imitation of Merck's METAFOLIN® trademark, to which Merck has a common law ownership right in New Jersey, in connection with the sale, distribution, offering for sale and/or advertising of Defendants' MenoFix™ product is unauthorized and without the consent of Plaintiffs.  Such use is likely to cause confusion, or to cause mistake or deceive customers or potential customers as to the source of origin of Defendants' products.  Defendants' unauthorized use of Merck's METAFOLIN® trademark is in violation New Jersey's Trademark Counterfeiting Act, N.J. Stat. Ann. § 56:3-13.16(a)(1).

43. Furthermore, the reproduction, counterfeiting, copying or colorable imitation of Merck's METAFOLIN® trademark and its application to labels, signs, prints, packages, wrappers, receptacles, and/or advertisements intended to be used upon or in connection with the sale or other distribution of Defendants' MenoFix™ product violates New Jersey's Trademark Counterfeiting Act, N.J. Stat. Ann. §§ 56:3-13.16(a)(2).

44. The aforesaid acts were undertaken willfully and deliberately.

45. The aforesaid acts of Defendants have caused, and will continue to cause, damage to Plaintiffs in an amount to be determined at trial.

46. The aforesaid acts of Defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

## COUNT V

### VIOLATION OF NEW JERSEY CONSUMER FRAUD ACT
### N.J. Stat. Ann. §§ 56:8-1 *et seq.*

47. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 - 46 of this Complaint as though set forth fully herein.

48. Defendants' misrepresentations made on the packaging of the MenoFix™ product, which state that the MenoFix™ product includes as an ingredient Merck's METAFOLIN®, are materially false statements.

49. The aforesaid acts of Defendants constitute an unconscionable and deceptive commercial practice in violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-2, in that such acts constitute factually false and misleading statements made in connection with the sale and distribution of goods.

50. The aforesaid acts of Defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

51. The aforesaid acts of Defendants have caused, and will continue to cause, damage to Plaintiffs in an amount to be determined at trial.

## COUNT VI

### VIOLATION OF NEW JERSEY'S UNFAIR COMPETITION STATUTE
### N.J. Stat. Ann. §§ 56:4-1 *et seq.*

52. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 - 51 of this Complaint as though set forth fully herein.

53. Defendants' unauthorized use of Plaintiffs' METAFOLIN® trademark on the packaging of the MenoFix™ product constitute acts of unfair competition in that Defendants are

appropriating for their own use the trademark, reputation and goodwill of Merck in violation of N.J.S.A. §§ 56:4-1 *et seq*.

54. Such use of the federally registered METAFOLIN® trademark in connection with the sale, offering for sale, distribution, and/or advertising of goods is likely to cause confusion, or to cause mistake or deceive customers or potential customers as to the origin of Defendants' products, or the sponsorship or approval by Plaintiffs of Defendants' products, or into believing that Defendants' products are related to or connected with, or associated with, or affiliated with Merck or its products or services or that Defendants are licensed by, or approved or endorsed by Merck. Additionally, the aforesaid acts have caused, and are likely to continue to cause injury to the public and to Merck's sales, business reputation, and result in Defendants unfairly competing with Merck.

55. The aforesaid acts were undertaken willfully and deliberately.

56. The aforesaid acts of Defendants have caused, and will continue to cause, damage to Plaintiffs in an amount to be determined at trial.

57. The aforesaid acts of Defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Plaintiffs for which Plaintiffs has no adequate remedy at law.

### COUNT VII

### COMMON LAW UNFAIR COMPETITION

58. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 - 57 of this Complaint as though set forth fully herein.

59. Defendants' statements made on the packaging of the MenoFix™ product, which state that the MenoFix™ product includes as an ingredient Merck's METAFOLIN®, are materially false statements.

60. Such materially false statements have caused and are likely to continue to cause consumer confusion, mistake, or deceive customers or potential customers as to the origin, sponsorship or approval by Merck of the MenoFix™ product.

61. Defendants, therefore, have engaged in unfair competition with Merck in violation of the common law of New Jersey by willfully selling and/or offering and promoting the MenoFix™ product in commerce so as to cause confusion or mistake among the public as to the origin, sponsorship or approval of the MenoFix™ product, all to Defendants' profit and the public's and Merck's damage.

62. Additionally, the aforesaid acts have caused, and are likely to continue to cause injury to the public and to Merck's sales, business reputation, and result in Defendants unfairly competing with Merck.

63. The aforesaid acts were undertaken willfully and deliberately.

64. The aforesaid acts of Defendants have caused, and will continue to cause, damage to Plaintiffs in an amount to be determined at trial.

65. The aforesaid acts of Defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Plaintiffs for which Plaintiffs has no adequate remedy at law.

66. Such acts are in violation of New Jersey common law.

## JURY DEMAND

Merck demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Merck respectfully requests the following relief:

A.      The Court enter judgment against Defendants and in favor of Plaintiffs for the violations alleged in this complaint;

B.      The Court issue preliminary and permanent injunctions prohibiting Defendants, their officers, directors, agents, principals, divisions, sales representatives, servants, employees, resellers, associates, subsidiaries, affiliates, attorneys, successors and assigns and all persons acting by, through, under or in active concert or in participation with or controlled, either directly or indirectly, by Defendants from using the trademark METAFOLIN® in connection with the, offering, advertising, promoting, marketing, or selling of any goods or services in the United States, and from otherwise infringing the METAFOLIN® trademark;

C.      The Court issue preliminary and permanent injunctions ordering Defendants to, *inter alia*, immediately cease all distribution and sale of the MenoFix™ product and any other product that lists METAFOLIN® as an ingredient;

D.      The Court order a recall of all of the MenoFix™ products using the infringing METAFOLIN® mark currently in the marketplace;

E.      The Court order that Defendants engage in a program of corrective advertising, satisfactory to Merck, to ameliorate the false and misleading information that Defendants have promulgated;

F. The Court order Defendants to perform an accounting for all profits derived from their unlawful acts;

G. The Court grant an award of damages, statutory or otherwise, in an amount sufficient to compensate Merck for losses and/or injury it has sustained as a consequence of Defendants' unlawful acts, as well as profits attributable to the infringement;

H. The Court enter judgment finding that this is an exceptional case and grant an award of treble damages or other enhanced monetary remedies to Merck;

I. The Court order Defendants to pay the costs of this action and the reasonable attorneys' fees Merck incurs in connection with this action; and

J. The Court grant Plaintiffs further relief as it may deem just and appropriate.

Respectfully submitted,

Dated: October 9, 2013

 /s/   Karl Geercken
Karl Geercken (Bar No. 03501)
ALSTON & BIRD LLP
90 Park Avenue, Suite # 1200
New York, New York 10016
(212) 210-9400
(212) 922-9444 Facsimile
Karl.Geercken@alston.com

Of Counsel:
Natalie Clayton
ALSTON & BIRD LLP
90 Park Avenue, Suite # 1200
New York, New York 10016
(212) 210-9400
(212) 922-9444 Facsimile
Natalie.Clayton@alston.com

*Attorneys for Plaintiffs*
*Merck & Cie and Merck KGaA*